TACHA, J.,
dissenting
I concur with Parts II and IV of the majority opinion. With respect to Part III, which reverses the denial of plaintiffs’ motion to amend the scheduling order, I respectfully dissent. As this court noted in Burks v. Oklahoma Pub. Co., 81 F.3d 975, 978 (10th Cir.), cert. denied — U.S.-, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996), “Federal Rule of Civil Procedure 16(b) gives district courts wide latitude in entering scheduling orders.” That rule provides that “[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge.” Fed.R.Civ.P. 16(b) (emphasis added). Because plaintiffs failed to make a threshold showing of good cause for amending the scheduling order, I would affirm the district court’s decision on this issue.
When a party seeks an amendment of the scheduling order so that he can substitute a new expert witness in place of one the court has excluded, that party must put forth some sort of showing that the proposed witnesses can provide testimony different from that which already has been rejected by the court as part of the requisite “good cause” for amending the schedule. Otherwise, the court would be required to constantly amend the scheduling order to include new substitute witnesses regardless of whether they ultimately could provide admissible testimony. As the majority discusses in Part II, the district court here performed a very thorough Daubert analysis regarding the proposed testimony of plaintiffs’ original medical experts, Drs. Johnson and Franks. As a result of that analysis, the court decided not to allow their testimony. When plaintiffs moved for a new scheduling order to permit Dr. Schreiber to appear as a witness, they made no proffer to show that his testimony would be different from that already examined and rejected by the district court. Neither plaintiffs’ written motion nor their attorney’s statements at the motions hearing purport to explain how Dr. Sehreiber’s testimony would differ from that of the excluded witnesses or how it would meet the Daubert standard. In fact, the plaintiffs’ attorney said:
Your Honor, I’m not here to tell you that the testimony of Dr. Schreiber will meet with your requirements and interpretation of Daubert. I don’t know that. I mean, all we have is a preliminary report....
Hearing Tr. at 12 (Nov. 1, 1995). Perhaps more importantly, an examination of Dr. Schreiber’s report for plaintiff Jon Bradley Summers reveals no significant difference between it and the rejected reports of Dr. Johnson. The majority states that “Dr. Johnson’s diagnosis was toxic exposure to diesel fumes resulting in injury to the central nervous and respiratory systems, causing ‘chemical sensitivity.’” Majority Op. at Pt. I. Dr. Schreiber’s diagnosis for Mr. Summers is very similar. According to Dr. Schreiber’s report, “it is obvious that Mr. Summers has suffered toxic damage to his central and peripheral nervous system as a result of the exposure to the fumes while working for the railroad.” See Appellant’s App. at 931. While he does not go so far as to put a label such as “chemical sensitivity” on Mr. Summers’ condition as did Dr. Johnson, this omission is not dispositive. Just as an expert “whose opinion rests on faulty scientific underpinnings” should not be “permitted to testify simply by placing an acceptable label on otherwise inadmissible ‘scientific knowledge,’ ” Majority Op. at Pt. II, neither should testimony be admitted simply because the expert declines to give it any label at all. In short, when they offered Dr. Schreiber’s testimony, plaintiffs did not produce any additional scientific information that would prompt a need for the district court to conduct a fresh Daubert analysis for Dr. Schreiber.
Because plaintiffs failed to show that Dr. Schreiber’s testimony would differ in any significant respect from the testimony the judge had already excluded, they failed to make a threshold showing of good cause for a *609 change in the scheduling order. Absent such a' showing, it is not necessary for us to address the four factors set out in Burks, 81 F.3d at 979, which the majority analyzes in Part III of its opinion. I would hold that the trial court did not abuse its discretion when it denied plaintiff’s motion to amend the scheduling order.